## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**JOHNATHAN LEE X SMITH,**

> Petitioner,

v.                                                          Civil Action No. **3:09CV653**

**GENE M. JOHNSON,**

> Respondent.

### MEMORANDUM OPINION

Johnathan Lee X Smith ("Smith"), a Virginia prisoner proceeding *pro se*, brings this

petition for a writ of habeas corpus under 28 U.S.C. § 2254. Smith challenges his convictions in

the Circuit Court for the City of Williamsburg for breaking and entering with intent to commit

larceny and grand larceny. By Memorandum Opinion and Order entered on March 3, 2011, the

Court dismissed all of Smith's grounds for habeas relief except Claim 10. *Smith v. Johnson*, No.

3:09CV653, 2011 WL 838893, at *13 (E.D. Va. Mar. 3, 2011). In Claim 10, Smith asserts that

trial counsel was ineffective for failing to raise a double jeopardy challenge[1] with respect to

Smith's grand larceny conviction. Respondent has filed further briefing and records with respect

to Claim 10 and Smith has replied. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

**A.     Grand Larceny Charge Arising from the Burglary of Ed's Miller Mart in
        James City County on September 23, 2004**

As pertinent here, the indictment issued by the grand jury in the Circuit Court for the City

of Williamsburg and County of James City with respect to the grand larceny offense charged that

Smith, "[o]n or about the 23rd day of September, 2004, did steal lottery tickets and [a] lottery

---

[1] "No person shall . . . be subject for the same offense to be twice put in jeopardy of life
or limb . . . ." U.S. Const. amend. V.

ticket dispenser, having a value of two hundred dollars ($200) or more, belonging to Atul D. Patel and the Commonwealth of Virginia, in violation of § 18.2-95 of the Code of Virginia (1950) as amended." (Circuit Court R. at 4.) This charge arose from Smith's breaking and entering Ed's Miller Mart in James City County and stealing the lottery ticket dispenser and lottery tickets from that location on September 23, 2004. *See Smith v. Johnson*, No. 3:09CV653, 2011 WL 838893, at *6–8 (E.D. Va. Mar. 3, 2011).

**B.      Smith's Double Jeopardy Claim**

With respect to Claim 10, Smith alleges,

> The factual bases for Ground 10 . . . are that Virginia Lottery Ticket #571-009281-9 was allegedly stolen from the Ed's Miller Mart during its break-in and grand larceny on September 23, 2004; that Petitioner was tried before the General District Court of the City of Newport News, Virginia, on February 9, 2005, for having bought or received from another person stolen Virginia Lottery Ticket #571-009281-9, a misdemeanor, on or about September 29, 2004;   that the General District Court nolle prosequiied [sic] this "trial" after the witnesses had been sworn in to testify over Petitioner's strenuous objections and demands for a complete trial; that counsel Hubert was fully aware of the foregoing misdemeanor trial when he represented Petitioner before the Circuit Court of the City of Williamsburg, Virginia, on the grand larceny committed at the Ed's Miller Mart; and that counsel failed to interpose an objection to this trial for grand larceny on the ground of double jeopardy.

(Pet'r's Resp. Br. Supp. Mot. Dismiss (Docket No. 20) 18 (spacing corrected).)[2]

**C.      The Charges of Receiving Stolen Goods and Grand Larceny Related to the Burglary of the Sunoco Gas Station in Newport News**

The Newport News charges, however, were not related to Smith's grand larceny charge in Williamsburg for the theft of lottery tickets from Ed's Miller Mart.  Rather, the record reflects that the Newport New misdemeanor charge of receiving stolen goods pertained to Smith's possession of lottery tickets that had been stolen from a Sunoco Gas Station in Newport News on

---

[2] Smith has not cited any support for his conclusory assertion that the Williamsburg grand larceny charge was predicated on the theft of Virginia Lottery Ticket #571-009281-9.

September 27, 2004.  Specifically, the Criminal Complaint in that matter charged Smith with

receiving stolen goods and identified Virginia Lottery Ticket #571-009281-9 as the item that had

been stolen.  (Newport News Gen. Dist. Ct. Criminal Compl. dated September 29, 2004.)  The

Criminal Complaint listed the following facts as the basis for that charge:

> On 27 September 2004 between 0140 hours and 0150 hours, unknown persons
> committed burglary to the Sunoco Gas Station — located at 1004 J. Clyde Morris
> Boulevard.  Amongst the properties removed from the business was a series of
> numbered Virginia lottery tickets.  During the morning of 27 September 2004,
> Johnathan Lee Smith was observed redeeming the winning lottery tickets of the
> series of lottery tickets that were removed from the Sunoco Gas Station.

(*Id.*)  This charge was *nolle prossed* in the General District Court for the City of Newport News

on February 9, 2005, and the Commonwealth sought a more serious grand larceny charge related

to that ticket.  The Circuit Court for the City of Newport News, however, sustained Smith's

double jeopardy challenge to the grand larceny charge because the Commonwealth had

dismissed the receiving stolen goods charge in the General District Court after Smith entered a

plea of not guilty and after witnesses had been sworn.

## II. INEFFECTIVE ASSISTANCE

To demonstrate the ineffective assistance of counsel, a defendant must show first that

counsel's representation was deficient, and second, that the deficient performance prejudiced the

defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To satisfy the deficient

performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that

counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'"

*Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (*quoting Strickland*, 466 U.S. at 689).  The

prejudice component requires a defendant to "show that there is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different.  A

3

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Here, Smith insists that trial counsel should have objected to Smith's grand larceny charge and conviction in the Circuit Court for the City of Williamsburg on double jeopardy grounds. Specifically, Smith insists that his grand larceny charge in Williamsburg was predicated upon his theft of lottery ticket #571-009281-9. Smith contends that he had a double jeopardy defense to the Williamsburg grand larceny charge, because he had succeeded in obtaining a dismissal with prejudice with respect to a Newport News grand larceny charge relating to stolen lottery tickets. The record, however, does not support Smith's contention that the Williamsburg grand larceny charge and the Newport News receiving stolen goods charge and grand larceny charge involved the same stolen property and the same theft.

To the contrary, the record reflects that the Williamsburg grand larceny charge pertained to lottery tickets stolen from Ed's Miller Mart, while the Newport News receiving stolen goods charge pertained to lottery tickets stolen from a Sunoco Gas Station on a different date. Thus, Smith did not have a viable double jeopardy challenge to the Williamsburg grand larceny charge. *See Martin v. Commonwealth*, 273 S.E.2d 778, 782 (Va. 1981) ("Because the two offenses of which the defendant stands convicted were based upon distinct and separate acts and did not involve the same theft, the defendant has not suffered any deprivation of his double jeopardy guarantees."). Accordingly, counsel acted reasonably in not pursuing the double jeopardy challenge Smith urges here. Claim 10 will be DISMISSED because Smith has failed to demonstrate deficiency or prejudice.

4

Smith also filed a Motion to Compel wherein he demands that Respondent provide him with a list of all the numbers of the lottery tickets stolen from Ed's Miller Mart. A federal habeas petitioner must demonstrate good cause before he or she is allowed to conduct discovery. *Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1073 (2010). "A showing of good cause must include specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief," if the facts are fully developed. *Id.* (*citing Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)). Smith fails to demonstrate that he would be entitled to habeas corpus relief with further development of the facts surrounding Claim 10. Accordingly, Smith's Motion to Compel (Docket No. 34) will be DENIED.

Smith's § 2254 Petition will be DENIED, and the action will be DISMISSED. An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Smith is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 2 - 9 - 12

Richmond, Virginia

/s/

James R. Spencer
United States District Judge

5